IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JERRY L. PATTON, a/k/a JAMES JOHNSON,** )
)
    **Plaintiff,** )
)      Civil Case No. 3:12cv338
v. )      Case No. 3:12-mc-00009
)
**CORRECT CARE SOLUTIONS, et al.,** )      Judge Trauger
)
    **Defendants.** )

## MEMORANDUM OPINION

    Plaintiff Jerry L. Patton, also known as James Johnson, a state prisoner presently detained at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee, filed his *pro se* complaint in this court on January 27, 2012 (ECF No. 1), asserting claims under 42 U.S.C. § 1983 based on the conditions of his confinement at the Davidson County Criminal Justice Center. By separately entered order, the Court has granted the plaintiff's application to proceed without prepayment of fees and costs, and has directed that his complaint be filed *in forma pauperis*.

    Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To avoid dismissal, a complaint must simply include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### I.     ALLEGATIONS IN THE COMPLAINT

    In his complaint, the plaintiff alleges that just before he was arrested and confined at the Davidson County Criminal Justice Center on August 31, 2011, he had been diagnosed as having cancerous tumors

on his lungs and liver and was scheduled for follow-up appointments for treatment. After his arrest, he began signing up for "sick call," to receive continued treatment for his problems. He alleged that he never received help, that Dr. Logan only saw him once and no one else tried to help him. He alleges that, as a result, he stayed confused about his situation and in pain. He also alleges that he filed numerous grievances, to no avail.

The complaint names as defendants Correct Care Solutions, the Davidson County Sheriff's Department, Sheriff Darron Hall, Dr. Logan, and Registered Nurse Don (which the court presumes is a first name). Specifically with respect to each of these defendants, the plaintiff alleges that (1) he was confined at the Davidson County Criminal Justice Center; (2) Darron Hall is the Davidson County Sheriff, and the plaintiff believes it is the sheriff's job to ensure that no harm or danger comes to detainees at the Criminal Justice Center, and to ensure that, as a detainee, he receives proper medical care; (3) Correct Care Solutions is the entity charged with the medical care for people confined at the Davidson County Criminal Justice Center; (4) Dr. Logan has "final say" over the medical care administered at the Criminal Justice Center, and she "neglected to hear" the plaintiff's complaints or to do anything about his health, and disregarded his suffering; and (5) Nurse Don answered the plaintiff's grievances but did not "lift one hand or finger to ease [his] pain." (ECF No. 1, at 4.)

On the basis of these factual allegations, the plaintiff seeks punitive and compensatory damages against each of the defendants.

## II. CONCLUSIONS OF LAW

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). Prison officials who act with "deliberate indifference" toward an inmate's serious medical needs are acting in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test. First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency." *Hudson*, 503 U.S.

at 8. Then, he must establish that defendants were deliberately indifferent to those needs. *Id.* Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A delay in providing medical treatment may result in a constitutional violation. "This violation is not premised upon the detrimental effect of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004), *reh'g en banc denied*.

### A. The Claims against Correct Care Solutions

Generally speaking, a § 1983 claim will not lie against a non-governmental actor. Notwithstanding, the Supreme Court has held that "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *West v. Atkins*, 487 U.S. 42, 56 (1988). In *West*, the Court concluded that a physician to whom the state had contractually delegated its affirmative obligation to provide adequate medical care to prisoners was a state actor who could be held liable under § 1983. *Id.* Similarly, in the present case, the clinic to which the obligation to provide medical care to individuals in state custody has been contractually delegated may be held liable under § 1983.

The plaintiff must still, however, leap the *respondeat superior* hurdle to show that the clinic itself should be liable on the basis of its own actions and not on the basis of its employees' actions. "*Respondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir.2006). This means that "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). An employer's "awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). In the present complaint, the plaintiff has not alleged any action or inaction on the part of Correct Care Solutions itself that would give rise to liability, nor has he alleged any facts that give rise to an inference that Correct Care Solutions authorized, approved, or knowingly acquiesced in the unconstitutional conduct. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). The plaintiff therefore has not stated a claim against this defendant.

### B. The Claim against the Sheriff's Department

For the same reasons, the claims against the Davidson County Sheriff's Department will not lie. Although a municipality—or municipal agency— may be a "person" for purposes of § 1983, the law is clear that it "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

Thus, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). In short, the Sixth Circuit has held that the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the present complaint, the plaintiff does not remotely allege the existence of any type of official policy that led to the injuries he allegedly suffered, or even that the Sheriff's Department as an entity was aware of the actions taken by Dr. Logan and Nurse Don. Because the plaintiff has not alleged the existence of a departmental policy that gave rise to his injuries, he has not stated a claim under § 1983 against the Davidson County Sherif's Department.

**C.    The Claims against Sheriff Darron Hall**

-4-

To establish liability under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6 th Cir. 1999). The mere fact that Sheriff Darron Hall is Sheriff, and therefore has supervisory authority over other employees of the Davidson County Sheriff's Department, does not give rise to a claim against him individually merely because other employees are alleged to have violated the plaintiff's constitutional rights. *Cf. Bellamy*, 729 F.2d at 421 (stating that, "[a]t a minimum a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). The plaintiff here has not alleged that Sheriff Hall was personally involved in the conduct causing the plaintiff's injury, or that he otherwise authorized or approved of the allegedly unconstitutional conduct. The complaint therefore fails to state a claim against Sheriff Hall.

### D. The Claims against Dr. Logan and Nurse Don

It is clear that Nurse Don and Dr. Logan are "persons" who act under color of state law insofar as they provide medical care to jail detainees on behalf of the county. In addition, construed broadly, the complaint alleges facts that may give rise to an inference that these defendants violated the plaintiff's constitutional right to adequate medical care. Specifically, the plaintiff alleges that he suffered from a serious medical condition, and that Dr. Logan and Nurse Don were deliberately indifferent to his serious medical needs insofar as they delayed care and thus created a substantial risk of serious harm. Although it is not apparent whether the plaintiff can prevail on the merits once the facts are developed, the court finds that the allegations in the complaint state a claim under § 1983 against these defendants.

### III. CONCLUSION

For the reasons set forth herein, the claims against the Davidson County Sheriff's Department, Correct Care Solutions, and Sheriff Darron Hall will be dismissed for failure to state a claim. The claims against Dr. Logan and Nurse Don will be permitted to proceed. An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge